UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| U.S. BANK, N.A., et al., | Case No. 2:17-CV-2166 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| MARTIN CENTENO, et al., | |
| Defendant(s). | |

Presently before the court is defendant Martin Centeno's ("Centeno") motion to dismiss. (ECF No. 4). Plaintiff U.S. Bank, National Association ("U.S. Bank") filed a response (ECF No. 5)[1], to which the Centeno replied (ECF No. 7).

Also before the court is defendant Palo Verde Ranch Homeowners' Association's ("the HOA") motion to dismiss. (ECF No. 14). U.S. Bank filed a response (ECF No. 22), to which the HOA replied (ECF No. 23).

**I.   Facts**

This case involves a dispute over real property located at 6236 Gentle Waters Court, Las Vegas, Nevada 89110 (the "property").

On December 29, 2004, Eddey E. Lam (the "borrower") acquired title to the property by way of grant, bargain, and sale deed that was recorded on January 4, 2005. (ECF No. 1).

On February 14, 2007, the borrower obtained a note in the amount of $330,000.00, which was secured by a deed of trust recorded on February 21, 2007. (ECF No. 1).

---

[1] U.S. Bank filed a supplement to its response (ECF No. 8), to which Centeno replied (ECF No. 18).

**James C. Mahan**
**U.S. District Judge**

Shortly thereafter, an assignment of deed of trust was recorded identifying U.S. Bank as the beneficiary under the deed of trust. (ECF No. 14).

On August 5, 2010, Absolute Collection Services, LLC ("ACS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien on the property stating that the outstanding amount owed as of August 4, 2010 was $1,045.26. (ECF No. 14). On October 22, 2010, ACS, acting on behalf of the HOA, recorded a notice of default and election to sell under homeowners association lien stating that the outstanding amount owed as of October 21, 2010 was $1,987.01. *Id.* The notice stated that the sale would be held in ninety (90) days if the amount was not paid. *Id.*

On February 18, 2011, ACS, on behalf of the HOA, recorded a notice of trustee's sale stating that the property would be sold at public auction. (ECF No. 14). On July 12, 2011, ACS, on behalf of the HOA, sold its interest in the property at a foreclosure sale. (ECF No. 1). Gentle Waters Family Trust ("Gentle Waters") purchased the interest in the property for $4,050.00. *Id.* On July 13, 2011, a trustee's deed upon sale was recorded. *Id.*

On February 7, 2013, Gentle Waters purported to convey a portion of the property to Centeno by means of a trustee's deed of assignment. (ECF No. 1). The trustee's deed of assignment was recorded on February 5, 2014. *Id.*

On January 9, 2014, U.S. Bank foreclosed on the property due to the borrower's failure to pay amounts due under the note. (ECF No. 1). A trustee's deed upon sale was recorded on January 16, 2014. *Id.*

U.S. Bank argues that the fair market value of the property on the date of the HOA sale was at least $100,000.00, and likely higher. (ECF No. 1).

On August 11, 2017, U.S. Bank filed the underlying complaint (ECF No. 1). In the complaint, U.S. Bank alleges two claims for relief: (1) quiet title and declaratory relief against the HOA, Gentle Waters, and Centeno; and (2) unjust enrichment against the HOA, Gentle Waters, and Centeno. *Id.*

On March 27, 2018, the court granted Ricardo Fojas's motion for substitution of Ricardo Fojas in place of Gentle Waters as defendant. (ECF No. 28).

In the instant motions, Centeno and the HOA move to dismiss U.S. Bank's complaint (ECF Nos. 4, 14). The court will address these motions as it sees fit.

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

In the instant motion, the HOA argues that U.S. Bank's claims are time-barred by the statute of limitations. (ECF No. 14). In particular, the HOA asserts that U.S. Bank's claim for quiet title and declaratory relief is subject to a five (5) year statute of limitations period and U.S. Bank's claim for unjust enrichment is subject to a four (4) year statute of limitations period. *Id.* The HOA argues that the statute of limitations period began to accrue on the date when the trustee's deed upon sale transferring title to Gentle Waters was recorded (July 13, 2011). *Id.* The HOA thus maintains that U.S. Bank's claims for quiet title and declaratory relief and unjust enrichment should have been filed at the latest by July 13, 2016 and by July 13, 2015, respectively. *Id.* The court agrees.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion 'only when the running of the statute of limitations is apparent on the face of the complaint.'" *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration omitted) (quoting *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010)); *see also In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("If the allegations contained in the amended complaint demonstrate that the statute of limitations has run, then dismissal upon the pleadings is appropriate.").

A four-year statute of limitations period applies to U.S. Bank's unjust enrichment claim. *See In re Amerco*, 252 P.3d at 703 (citing Nev. Rev. Stat. § 11.190(2)(c)). A five-year statute of limitations period applies to U.S. Bank's quiet title claim. *See* Nev. Rev. Stat. § 11.070.

In the present case, U.S. Bank knew or should have known of the facts constituting the elements of its causes of action on or before July 13, 2011, the date the trustee's deed in favor of Gentle Waters was recorded.

As U.S. Bank filed the instant action on August 11, 2017 (ECF No. 1), U.S. Bank's. quiet title and unjust enrichments claims were not filed within five and four years of July 13, 2011, respectively. Accordingly, the court will dismiss U.S. Bank's complaint as time-barred.

**IV.    Conclusion**

Based on the foregoing, the court will grant the HOA's motion to dismiss U.S. Bank's complaint, as both U.S. Bank's quiet title and declaratory relief and unjust enrichment claims asserted in the complaint are time barred.

As the court will grant the HOA's motion to dismiss U.S. Bank's complaint (ECF No. 14), the court will not address Centeno's motion to dismiss (ECF No. 4). Accordingly, the court will deny Centeno's motion to dismiss as moot.

Further, as the court find's U.S. Bank's claims to be time barred, the court will dismiss Ricardo Fojas's counterclaim against U.S. Bank and cross claim against the HOA. (ECF No. 29).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Centeno's motion to dismiss (ECF No. 4) be, and the same hereby is, DISMISSED as moot.

The clerk is instructed to enter judgment accordingly and close the case.

DATED June 15, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**