UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK, N.A., et al., <br><br> Plaintiff(s), <br><br> v. <br><br> MARTIN CENTENO, et al., <br><br> Defendant(s). | Case No. 2:17-CV-2166 JCM (CWH) <br><br> ORDER |

Presently before the court is plaintiff U.S. Bank, N.A.'s ("U.S. Bank") motion for reconsideration. (ECF No. 36). Defendants Palo Verde Ranch Homeowners' Association ("Palo Verde") and Ricardo Fojas filed separate responses (ECF Nos. 37, 43), to which U.S. Bank filed separate replies (ECF Nos. 42, 45).

Also before the court is defendant Martin Centeno's motion to extend time (ECF No. 38). (ECF No. 38). U.S. Bank filed a non-opposition. (ECF No. 40). Palo Verde did not file a response and the time to do so has passed.

On August 11, 2017, U.S. Bank initiated this action. (ECF No. 1). In the complaint, U.S. Bank alleged two causes of action: (1) quiet title/declaratory relief against Palo Verde, Gentle Waters Family Trust ("Gentle Waters"), and Centeno; and (2) unjust enrichment against Palo Verde, Gentle Waters, and Centeno. *Id.*

On June 15, 2018, the court dismissed this action because the statute of limitations barred U.S. Bank's claims. (ECF No. 33). Now, U.S. Bank moves for reconsideration. (ECF No. 36).

Rule 59(e) and Rule 60(b) "permit[] a district court to reconsider and amend a previous order." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). However, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality

**James C. Mahan**
**U.S. District Judge**

and conservation of judicial resources." *Id.* A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

"Motions for reconsideration are not the proper vehicles for rehashing old arguments, and are not intended to give an unhappy litigant one additional chance to sway the judge." *Hernandez v. IndyMac Bank*, No. 2:12-cv-00369-MMD-CWH, 2012 WL 3860646, at *3 (D. Nev. Sept. 15, 2012) (quotes and citation omitted). Here, U.S. Bank's motion merely repackages arguments that U.S. Bank previously raised in its response to Palo Verde's motion to dismiss. *See* (ECF Nos. 22, 36). Accordingly, the court will deny U.S. Bank's motion.

The court will also deny Centeno's motion (ECF No. 38), which requests additional time to file a response to U.S. Bank's motion for reconsideration (ECF No. 36). Because U.S. Bank's motion is futile, granting Centeno's request would unnecessarily delay adjudication of this action. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank's motion for reconsideration (ECF No. 36) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Centeno's motion to extend (ECF No. 38) be, and the same hereby is, DENIED.

DATED November 28, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -